**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTHER L. ALLEY, AKA Esther Jones-Alley, | No. 20-35076 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00708-JCC |
| v. | MEMORANDUM[*] |
| MTGLQ INVESTORS, LP; SELENE FINANCE, LP, a Delaware Limited Partnership, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted May 18, 2021[**]

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Esther L. Alley appeals pro se from the district court's judgment dismissing

her diversity action alleging breach of contract claims arising from foreclosure

proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Alley's claims for breach of contract and breach of the implied covenant of good faith and fair dealing because Alley failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also Rekhter v. State, Dep't of Soc. & Health Servs.*, 323 P.3d 1036, 1041 (Wash. 2014) (discussing the implied covenant of good faith and fair dealing under Washington state law); *Nw. Indep. Forest Mfrs. v. Dep't of Lab. & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995) ("A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant.").

The district court properly dismissed as barred by res judicata Alley's claim under Washington's Deed of Trust Act because Alley had previously sued defendants in privity regarding the same causes of action and subject matter which resulted in a final judgment on the merits. *See Ensley v. Pitcher*, 222 P.3d 99, 104 (Wash. Ct. App. 2009) (setting forth the factors to determine whether a subsequent action is barred by res judicata under Washington state law).

20-35076

Appellees' motion for judicial notice (Docket Entry No. 15) is granted.

**AFFIRMED.**